**UNITED STATES DISTRICT COURT**

**CENTRAL DISTRICT OF CALIFORNIA**

| | |
|---|---|
| CHRISTINA GONZALES,<br><br>                Plaintiff,<br><br>    v.<br><br>MICHAEL J. ASTRUE, COMMISSIONER<br>OF SOCIAL SECURITY ADMINISTRATION,<br><br>                Defendant. | NO. ED CV 07-1347-E<br><br>**MEMORANDUM OPINION**<br><br>**AND ORDER OF REMAND** |

Pursuant to sentence four of 42 U.S.C. section 405(g), IT IS HEREBY ORDERED that Plaintiff's and Defendant's motions for summary judgment are denied and this matter is remanded for further administrative action consistent with this Opinion.

**PROCEEDINGS**

Plaintiff filed a complaint on October 18, 2007, seeking review of the Commissioner's denial of benefits. The parties filed a consent to proceed before a United States Magistrate Judge on December 14,

2007. Plaintiff filed a motion for summary judgment on April 30, 2008. Defendant filed a motion for summary judgment on June 30, 2008. The Court has taken both motions under submission without oral argument. See L.R. 7-15; "Order," filed October 22, 2007.

## BACKGROUND

Plaintiff asserts disability based on a combination of alleged impairments (Administrative Record ("A.R.") 52-54, 61-67). The Administrative Law Judge ("ALJ") found that severe impairments preclude Plaintiff from performing work requiring handling or fingering using the left upper extremity (A.R. 14, 191-92). In reliance on the testimony of a vocational expert, the ALJ identified two jobs Plaintiff assertedly can perform notwithstanding her limitations: usher and parking lot attendant (A.R. 17-18, 192). According to the Dictionary of Occupational Titles ("DOT"), the job of usher requires handling and fingering up to one-third of the time and the job of parking lot attendant requires handling and fingering from one-third to two-thirds of the time. See DOT 344.677-014, 915.473-010. The vocational expert did not indicate whether his opinions conflicted with the DOT (A.R. 191-95). The ALJ did not inquire of the vocational expert concerning any possible conflict between the expert's opinions and the DOT. Id. In denying benefits, the ALJ asserted that "the vocational expert's testimony is consistent with the information contained in the Dictionary of Occupational Titles" (A.R. 18). The Appeals Council denied review (A.R. 3-5).
///
///

**STANDARD OF REVIEW**

Under 42 U.S.C. section 405(g), this Court reviews the Commissioner's decision to determine if: (1) the Commissioner's findings are supported by substantial evidence; and (2) the Commissioner used proper legal standards.  See Swanson v. Secretary, 763 F.2d 1061, 1064 (9th Cir. 1985).

**DISCUSSION**

The ALJ erred in failing to inquire into the possible conflict between the vocational expert's opinions and the DOT.  See Social Security Ruling 00-4p (ALJ "has an affirmative responsibility to ask about any possible conflict between . . . [vocational expert opinion] . . . and information provided in the DOT.").  Contrary to the assertion in the ALJ's decision, the vocational expert's opinions well may conflict with the DOT.  To the extent a conflict exists, there must be an explanation and persuasive evidence supporting any decision to rely on the expert's opinions rather than on the information provided in the DOT.  See Massachi v. Astrue, 486 F.3d 1149, 1153 (9th Cir. 2007) ("the procedural requirements of SSR 00-4p ensure that the record is clear as to why an ALJ relied on a vocational expert's testimony, particularly in cases where the expert's testimony conflicts with the Dictionary of Occupational Titles"); Light v. Social Security Administration, 119 F.3d 789, 794 (9th Cir. 1997) (error that "[n]either the ALJ nor the vocational expert explained the reason for departing from the DOT"); Johnson v. Shalala, 60 F.3d 1428, 1435 (9th Cir. 1995) ("an ALJ may rely on expert testimony which

contradicts the DOT, but only insofar as the record contains persuasive evidence to support the deviation"); see also Burkhart v. Bowen, 856 F.2d 1335, 1341 (9th Cir. 1988) (Administration may not speculate concerning the requirements of particular jobs).

Contrary to Defendant's argument, the Court cannot confidently conclude that the ALJ's errors were harmless. Although the vocational expert did appear to opine that one-handed individuals can perform usher and parking lot attendant jobs that exist in significant numbers, the vocational expert failed to explain the bases for these opinions. Moreover, as previously indicated, the ALJ failed to explain why the ALJ preferred the vocational expert's opinions to the seemingly conflicting information provided in the DOT. Rather, the ALJ denied the existence of any conflict. Accordingly, the Court is unable to conclude that the errors were harmless.

When a court reverses an administrative determination, "the proper course, except in rare circumstances, is to remand to the agency for additional investigation or explanation." INS v. Ventura, 537 U.S. 12, 16 (2002) (citations and quotations omitted). Remand is proper where, as here, additional administrative proceedings could remedy the defects in the decision. McAllister v. Sullivan, 888 F.2d 599, 603 (9th Cir. 1989); see generally Kail v. Heckler, 722 F.2d 1496, 1497 (9th Cir. 1984).

///
///
///
///

**CONCLUSION**

For all of the foregoing reasons,[1] Plaintiff's and Defendant's motions for summary judgment are denied and this matter is remanded for further administrative action consistent with this Opinion.

LET JUDGMENT BE ENTERED ACCORDINGLY.

DATED: July 7, 2008.

_____/S/_____
CHARLES F. EICK
UNITED STATES MAGISTRATE JUDGE

---

[1] The Court has not reached any other issue raised by Plaintiff except insofar as to determine that reversal rather than remand would be inappropriate.

5